Michael E. Piston
Attorney At Law
38-08 Union St., Suite 9A
Flushing NY 11354
Tel (646) 876-3772
Email: Michaelpiston4@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUNWOO CHUNG | Case No.: |
| | |
| | COMPLAINT |
| Plaintiff, | |
| vs | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| CHIEF OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES' IMMIGRANT INVESTOR'S PROGRAM OFFICE | |
| Defendants | |

## DESCRIPTION OF ACTION

1. This complaint is brought by the Plaintiff against the Defendants to compel a decision on his Form I-829, Petition by Entrepreneur to Remove Conditions of Permanent Resident Status.

## JURISDICTION

COMPLAINT - 1

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The Plaintiff, Yunwoo Chung, is a citizen and native of the Republic of Korea and conditional permanent resident of the United States. His "USCIS alien number" is A201381770.

4. The Defendant, United States Citizenship and Immigration Services (USCIS), is a federal agency charged with the authority to adjudicate Forms I-829. It resides in the District of Columbia and Maryland.

5. The Defendant Chief of the USCIS's Immigrant Investor's Program Office is the officer with immediate responsibility for the adjudication of Plaintiff's Form I-829. The Chief resides for official purposes within the central judicial district of District of Columbia.

6. Upon information and belief derived from the presumption of regularity, these Defendants have been delegated by the Secretary of Homeland Security his duties under 8 U.S.C. § 1186b(c)(3)(A).

## BRIEF STATEMENT OF RELEVANT FACTS

7. On March 3, 2021, Yunwoo Chung filed upon his own behalf a Form I-829, Petition by Investor to Remove Conditions on Permanent Resident, which was assigned USCIS File No. WAC2190061314.

8. No action has been taken on this petition in the over two years since it was filed.

9. As of today, the Plaintiff's petition remains under the jurisdiction of the Defendants and is unadjudicated.

COMPLAINT - 2

## CAUSES OF ACTION
## ACTION TO COMPEL AN OFFICER OR AGENCY
## OF THE UNITED STATES TO PERFORM HIS OR ITS DUTY

10. The Defendants are each agencies or officers of the United States.

11. 8 U.S.C. § 1186b(c)(3)(A) provides that:

In general.--If--
(i) a petition is filed in accordance with the provisions of paragraph (1)(A), and
(ii) the alien investor appears at any interview described in paragraph (1)(B),
the Secretary of Homeland Security shall make a determination, within 90 days of the date of such filing or interview (whichever is later), as to whether the facts and information described in subsection (d)(1) and alleged in the petition are true with respect to the qualifying commercial enterprise.

12. The Plaintiff's petition was filed in accordance with the provisions of paragraph (1)(A) of 8 U.S.C. § 1186b(c).

13. The Plaintiff has never been scheduled for an interview described in paragraph (1)(B) of 8 U.S.C. § 1186b(c).

14. Therefore the Defendants, as the representatives of the Secretary of Homeland Security, each have a duty to make a determination, within 90 days of the date of the Plaintiff's petition's filing, as to whether the facts and information described in subsection (d)(1) and alleged in the petition are true with respect to the qualifying commercial enterprise and, if they are true, to approve the petition.

15. The Defendants further each and all owe a duty to the Plaintiff to adjudicate their forementioned petition within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

COMPLAINT - 3

16. Furthermore, 18 U.S.C. § 1571(b) provides that: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, ... ."

17. Accordingly, the over two year period in which the Plaintiff's Form I-829 has been pending with the Defendants is beyond that which these officers or employees reasonably require to adjudicate it.

18. This Court has authority under 28 U.S.C. § 1361 to compel an officer or agency of the United States to perform a duty owed to the Plaintiff.

19. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court issue an Order compelling the Defendants to adjudicate Plaintiff's Form I-829, Petition by Entrepreneur to Remove Conditions of Permanent Resident Status, as soon as reasonably possible and, in any event, in no later than 30 days from such an Order of this Court.

Respectfully submitted, August 24, 2023.

/s/ *Michael Piston*
Michael E. Piston
Attorney at Law
38-08 Union St., Suite 9A
Flushing, NY 11354
Tel (646) 876-3772
michaelpiston4@gmail.com

COMPLAINT - 4